**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SUZANNE VENEZIA, | CIVIL ACTION NO. 10-6692 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| UNION COUNTY PROSECUTOR'S OFFICE, et al., |  |
| Defendants. |  |

**THE PLAINTIFF**, who is pro se, brings this action containing apparent claims for malicious prosecution, false arrest, and personal injury in violation of 42 U.S.C. § 1983 ("Section 1983") and state law. (Dkt. entry no. 4, Am. Compl.)  As far as this Court can discern, (1) the plaintiff was arrested by police officers for the Borough of Brielle after a family dispute, and charged with assault and trespass, (2) a temporary restraining order ("Restraining Order") was issued directing the plaintiff to not contact the family members with whom she had the dispute, (3) the plaintiff was briefly held at the Monmouth County Correctional Institution, and (4) the charges and the Restraining Order were dismissed.  Also as far as this Court can discern, (1) a warrant was issued for the plaintiff's arrest in Union County for a violation of the Restraining Order, (2) the plaintiff was arrested by police officers for the Township of Cranford, and (3) the charge related to the Restraining Order violation was dismissed.

**THE DEFENDANTS** now separately move to dismiss the Amended Complaint. (Dkt. entry nos. 11, 22, 52.) This Court will grant the separate motions and dismiss the Amended Complaint in its entirety, as the Amended Complaint (1) is in violation of Federal Rules of Civil Procedure ("Rules") 8(a), 8(d), and 10(b), and (2) contains certain allegations that are barred by the immunity doctrine.

**THE PLAINTIFF** is no stranger to civil litigation, and has been directed on at least one occasion elsewhere on the proper way to draft a complaint. See Venezia v. Manasquan Police Department, No. 10-4634. dkt. entry no. 16, 10-15-10 Order. The Amended Complaint cites federal and state statutes, but is deficient because the allegations are presented in ways that defy any meaningful opportunity for the defendants to respond. The Amended Complaint has forty footnotes; it should contain none.

**THE FIRST TWELVE PAGES** are dedicated to over-inclusive details concerning the family dispute, including the alleged opinions of the plaintiff's family members on the plaintiff's termination of employment as a teacher and her divorce case. Scattered throughout the Amended Complaint are references to the plaintiff's efforts to obtain certain records, her psychiatric status, other litigation that she instituted in Pennsylvania, and the conduct of other parties not named in this action. Those

references appear to have no relevance to the claims against the defendants listed in the Amended Complaint.

**MOST** of the paragraphs, which are numbered, improperly contain multiple allegations. There are several instances in the Amended Complaint where phrases are unnecessarily underlined or italicized.

**THE AMENDED COMPLAINT** presents a dense thicket of rambling statements over the course of fifty-five pages, as well as 200 pages of exhibits — many of those exhibits being the plaintiff's own correspondence — that are annexed to the original Complaint. It contains citations to case law and arguments that may be appropriate for a brief, but that are inappropriate for presentation in a complaint. The allegations are not short, plain, concise, and direct. The Court will not require the defendants to dissect these allegations in an effort to file adequate answers.

**THE AMENDED COMPLAINT** also appears to challenge the conduct and rulings by Brielle Municipal Court and New Jersey Superior Court, Union County ("Local Court Claims"), even though those two entities are not named as defendants. (See Am. Compl. at 30-31, 46-47.) The Local Court Claims are barred by the immunity doctrine. Municipal courts and state courts, and the judiciary thereof, cannot be held civilly liable for judicially-related conduct, even when those acts are in excess of their jurisdiction

3

and alleged to have been done maliciously or corruptly.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 437, 440 (3d Cir. 2000).  Indeed, municipal courts and state courts enjoy the same immunity from an action brought under Section 1983 in federal court as do the States themselves for Eleventh Amendment purposes.  See Callahan v. Philadelphia, 207 F.3d 668, 670-74 (3d Cir. 2000).

**THIS COURT** will grant the separate motions and dismiss the Amended Complaint.  But the plaintiff, as a pro se litigant, will be given one more opportunity to file a proper pleading.  Thus, the dismissal will be without prejudice to the plaintiff to move to reopen the action and for leave to file a second amended complaint curing the deficiencies detailed above.  If the plaintiff so moves, then a proposed second amended complaint must be annexed as an exhibit for this Court to review.

**THE PLAINTIFF**, if moving to reopen, must address another issue.  It appears that the plaintiff has instituted parallel proceedings in New Jersey Superior Court, Monmouth County, and New Jersey Superior Court, Union County ("State Proceedings").  See Venezia v. Borough of Brielle, No. 6388-10; Venezia v. Union County Prosecutor's Office, No. 5081-10.  "There is nothing necessarily inappropriate . . . about filing a protective action".  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 294 n.9 (2005) (citing with approval Gov't of V.I. v. Neadle, 861

F.Supp. 1054, 1055 (M.D. Fla. 1994), which stayed action brought by plaintiffs "to protect themselves" if personal jurisdiction over defendant failed in other court). But if there are parallel State Proceedings, then this Court would be inclined to abstain pursuant to the Colorado River abstention doctrine, which authorizes a stay where a duplicate or parallel state court action is pending, in consideration of wise judicial administration, the conservation of judicial resources, and the comprehensive disposition of litigation. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817-19 (1976).

**THE STATE PROCEEDINGS** may "involve the same parties and substantially identical claims, raising nearly identical allegations and issues." IFC Interconsult v. Safeguard Int'l Partners, 438 F.3d 298, 306 (3d Cir. 2006); see Flint v. A.P. DeSanno & Sons, 234 F.Supp.2d 506, 510-11 (E.D. Pa. 2002). This Court would then consider: (1) the inconvenience of the federal forum ("Convenience Factor"); (2) the desirability of avoiding piecemeal litigation ("Piecemeal Factor"); (3) the order in which jurisdiction has been obtained by the concurrent forums ("Forum Factor"); (4) whether a federal question is presented ("Federal Factor"); and (5) whether the State Proceedings would adequately protect the plaintiff's rights ("Rights Factor"). Colo. River, 424 U.S. at 818-19; see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23, 26 (1983).

5

**THE CONVENIENCE FACTOR** would weigh in favor of abstention. Plaintiff, as a Pennsylvania citizen, would be equally inconvenienced traveling to either the state courts in Monmouth County and Union County or the federal court in Trenton.  But litigating in Monmouth County and Union County would be more convenient for the respective defendants.  See Chiampi v. Bally's Park Place, No. 05-3395, 2007 WL 465469, at *2 (D.N.J. Feb. 7, 2007) (abstaining in favor of Atlantic County Superior Court proceeding, even though plaintiff lived closer to federal court in Camden, as claim arose in and defendant and witness were in Atlantic City); Albright v. Sears, Roebuck & Co., No. 95-4240, 1995 WL 664742, at *1-2 (E.D. Pa. Nov. 7, 1995) (abstaining in favor of action in Berks County Court of Common Pleas, as operator of mower in issue and witnesses were in Berks County, and thus federal court in Philadelphia less convenient).

**THE PIECEMEAL FACTOR**, Federal Factor, and Rights Factor would be affected by the same fact:  the plaintiff seeks relief under Section 1983.  The Piecemeal Factor would favor abstention.  There is a strong federal policy against piecemeal litigation evinced here, as "[i]t is certainly true that state courts of general jurisdiction can adjudicate cases invoking federal statutes, such as § 1983", Nevada v. Hicks, 533 U.S. 353, 366 (2001), and thus litigating the same claim in the federal forum and the state forums would be wasteful.  See Klements v. Cecil

6

Twp., No. 09-3213, 2010 WL 4850713, at *1 (3d Cir. Nov. 30, 2010) (noting district court stayed Section 1983 claim due to parallel state action).

**THE FEDERAL FACTOR** would weigh against abstention due to the presence of the Section 1983 claim. But the Rights Factor would favor abstention, as New Jersey state courts can adjudicate such a claim. Indeed, that the plaintiff brought the State Proceedings "belies any claim that the state court cannot adequately protect [the plaintiff's] interests". BIL Mgmt. Corp. v. N.J. Econ. Dev. Auth., 310 Fed.Appx. 490, 493 (3d Cir. 2008). The Forum Factor would depend upon the progress, if any, of the State Proceedings. Id.

**IF THIS COURT** were to abstain, and if the plaintiff were to elect to return to federal court upon the conclusion of the State Proceedings, then the defendants would be protected from duplicate litigation by the preclusion doctrines and the Rooker-Feldman doctrine. See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).

**THE PARTIES** will note that this Court's assessment of the Amended Complaint herein is similar to this Court's assessment of the Second Amended Complaint in Venezia v. Manasquan Police Department, No. 10-4634, in the Opinion and the Order and Judgment therein dated May 31, 2011. The Amended Complaint

7

herein and Second Amended Complaint in that action suffer from similar deficiencies.

**THE COURT** will issue an appropriate order and judgment.

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:    May 31, 2011