**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
                                     :
SUZANNE VENEZIA,                     :  CIVIL ACTION NO. 10-6692 (MLC)
                                     :
     Plaintiff,                      :        O P I N I O N
                                     :
     v.                              :
                                     :
UNION COUNTY PROSECUTOR'S            :
OFFICE, et al.,                      :
                                     :
     Defendants.                     :
                                     :
```

**THE PLAINTIFF** brings this action containing claims that are apparently pursuant to federal law and state law. (Dkt. entry no. 4, Am. Compl.) By an Opinion, and an Order and Judgment, both dated May 31, 2011 ("May Opinion" and "May Order"), the Court (1) dismissed the plaintiff's claims as drafted in their entirety because they (a) did not comply with Federal Rules of Civil Procedure 8(a), 8(d), and 10(b), and (b) contained certain allegations that were barred by the immunity doctrine, and (2) granted the plaintiff leave to move to file amended pleadings curing the deficiencies. (Dkt. entry no. 64, 5-31-11 Order & J.; see dkt. entry no. 63, 5-31-11 Op.) The plaintiff is assumed to be familiar with the contents of the May 2011 Opinion and the May 2011 Order; the Court will not repeat their contents here.

**THE PLAINTIFF,** in response to the May 2011 Opinion and the May 2011 Order, argues that (1) the Court "ignored an important central unifying element" in this action when the Court addressed the impropriety of annexing 200 pages of exhibits to her

pleadings, as she should be permitted to show that she "wrote letter after letter" to various parties (dkt. entry no. 65, Pl. Br. at 1), (2) "any reasonable person would have 'discerned' as facts and plausible allegations, both the Plaintiff's physical injury and violation of rights" (id. at 2), (3) the Court's assessment of her pleadings was "superficial" (id. at 2), (4) the Court has "placed all of its attention on form and not on substance" in reviewing her pleadings (id. at 5), and (5) there is no need for her to file amended pleadings, and thus the May 2011 Opinion and the May 2011 Order should be vacated. Consequently, the plaintiff has not submitted any proposed amended pleadings for the Court to review.

**THE COURT** provided the plaintiff with an opportunity to cure the deficiencies in her pleadings.  The plaintiff has rejected this opportunity.  Thus, this action will remain closed.  But the Court will grant the plaintiff leave to pursue any state law claims in state court, in the interests of justice.  See 28 U.S.C. § 1367.  The Court will issue an appropriate order and judgment.[1]

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:    March 23, 2012

---

[1] The Court expressed concerns in the May 2011 Opinion about potential parallel state court proceedings.  (See 5-31-11 Op. at 4-7.)  Those concerns are now moot.